STATE of Iowa, Plaintiff–Appellee,

v.

Darren O'DONNELL, Defendant–Appellant.

No. 94–422.

Court of Appeals of Iowa.

April 28, 1995.

Linda Del Gallo, State Appellate Defender, and Annette L. Hitchcock, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Angelina M. Smith, Asst. Atty. Gen., J. Patrick White, County Atty., and Teresa A. Vens, Asst. County Atty., for appellee.

Heard by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Darren O'Donnell was taken into custody by Officer Douglas Hart after losing a foot chase and failing to cooperate with field sobriety tests. O'Donnell was charged with operating while intoxicated, third offense, and driving under suspension.

At trial, Officer Hart testified he observed a white male with blond hair wearing a white t-shirt operating a pickup truck. The officer at first believed the vehicle had no license plates, but later realized the plates were merely obscured by mud. Hart followed the pickup truck, owned by David Butler, into a parking lot where he observed a male wearing a white t-shirt exit from the driver's side and a male wearing a dark t-shirt exit from the passenger's side. It was a 6′ tall white male with blond hair, weighing approximately 210 pounds and wearing a white t-shirt that exited the driver's side. The person wearing the black t-shirt that exited from the passenger's side was a 5′ 3″ white male with long blond hair, weighing approximately 145 pounds.

The two individuals did not heed Hart's call to stop; rather, they began running. Hart pursued on foot. When the two individuals separated, Hart followed the man in the white t-shirt. Hart did not find any keys on O'Donnell when he was apprehended. The other person that exited from the passenger's side was later identified as David Butler. O'Donnell testified it was David Butler that was driving the pickup on the evening in question.

O'Donnell was convicted as charged. At a hearing on O'Donnell's motion for new trial, in which he alleged newly discovered evidence, Butler invoked his right against self-incrimination and refused to testify on O'Donnell's behalf. Stephen O'Donnell (defendant's father) and Dawn Morris testified Butler earlier stated he was not willing to testify that he was driving, but he was willing to testify that O'Donnell was not driving. The motion for new trial was overruled.

O'Donnell appeals. He contends there is no evidence establishing that he was driving the pickup. He also contends trial counsel rendered ineffective assistance in failing to seek immunity for Butler's testimony or have Stephen O'Donnell and Dawn Morris testify at trial.

I. *Sufficiency of the evidence.* O'Donnell contends the district court erred in failing to sustain his motion for a judgment of acquittal based on insufficiency of the evidence. The scope of review for this issue is for errors of law. Iowa R.App.P. 4. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State. *State v. Aldape,* 307 N.W.2d 32, 39 (Iowa 1981).

> A jury verdict is binding upon this court and will be upheld unless the record lacks substantial evidence to support the charge. Substantial evidence means evidence which would convince a rational trier of fact that the [defendant is] guilty of the crime charged beyond a reasonable doubt.

*State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984) (quoting *State v. Blair,* 347 N.W.2d 416, 417 (Iowa 1984)).

We find the evidence, when viewed in the light most favorable to the State, to be suffi-

cient to support O'Donnell's convictions. O'Donnell does not dispute the fact he was under the influence of alcohol at the time of the incident. Rather, his sole contention is there is insufficient evidence to show he was operating the vehicle in question.

Officer Hart gave detailed testimony at trial regarding the apprehension of O'Donnell after Hart pulled over the vehicle in question.

Q: Do you recall what if anything occurred around 9:10 or 9:15 p.m.?

A: Yes. At that time I was on the 600 block of Dubuque Street facing southbound when I observed a black Chevy truck go by me northbound. I was parked. When the vehicle passed me by, I observed that at first appearance the vehicle did not have a back plate. When I pulled around to further investigate. It did have a back plate, but it was covered with mud and debris making it unreadable.

\* \* \* \* \* \*

Q: Did you observe the driver of the vehicle?

A: Yes, I did.

Q: And can you describe him?

A: As the vehicle passed me by I observed a white male with blond hair wearing a white tee shirt driving the vehicle.

\* \* \* \* \* \*

Q: Where was your vehicle?

A: I was right behind him the whole time.

Q: Would you may be put an "X" ...

A: I parked here. I pulled in right behind the truck.

Q: And then what happened?

A: I was still trying to get the license plate. He and the passenger of the vehicle, who was a white male wearing a black tee shirt, exited the vehicle and walked away. I informed him to, "Stop. Police Department." They kept walking. They walked—There's like an enclosed—May I use another color?

Q: Okay.

■ O'Donnell's contention is basically that Officer Hart was confused as to who was driving the car. The jury found otherwise.

We find the testimony given by Officer Hart is evidence which would convince a rational trier of fact O'Donnell is guilty beyond a reasonable doubt. We find the evidence sufficient.

II. *Ineffective assistance of counsel.* O'Donnell contends his defense counsel was ineffective for failing to adequately investigate whether David Butler, the other passenger in the vehicle, was actually the driver. O'Donnell contends that if proper investigation had taken place, then counsel should have deposed Butler, called Butler to testify at trial, made an offer of proof at trial, or obtained immunity for Butler at trial. In addition, O'Donnell claims two witnesses could now testify Butler stated two months after the trial had been completed that O'Donnell was not driving the vehicle.

In reviewing claims of ineffective assistance of counsel, we review de novo the totality of relevant circumstances. *State v. Risdal,* 404 N.W.2d 130, 131 (Iowa 1987). The burden of proof in such claims rests with the defendant. *Taylor v. State,* 352 N.W.2d 683, 685 (Iowa 1984).

■ A claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance fell outside the normal range of competency; and (2) the deficient performance so prejudiced the defendant as to give rise to a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *State v. McKettrick,* 480 N.W.2d 52, 55 (Iowa 1992). In order to meet the first prong, defendant must overcome the strong presumption that counsel's actions were reasonable under the circumstances and fell within the normal range of competency. *State v. Buck,* 510 N.W.2d 850, 853 (Iowa 1994). To succeed on the second prong, the defendant must show that counsel's failure worked to the defendant's actual and substantial disadvantage so that, but for counsel's error, the result of the proceeding would have been different. *Id.*

■ As a general rule, claims of ineffective assistance of counsel are not adjudicated on direct appeal. *State v. Welch,* 507 N.W.2d 580, 584 (Iowa 1993). However, since the

defendant must show both ineffective assistance and the resulting prejudice, we will affirm the conviction on direct appeal if the defendant cannot show one of the prongs. *See id.*

■ O'Donnell's claim of ineffective assistance of counsel must be denied because he cannot show any prejudice resulting from any alleged ineffective assistance. If defense counsel had either deposed Butler or called him to testify at trial, no exculpatory evidence would have been given because Butler had already stated he intended to plead the Fifth Amendment.[1] Further, if defense counsel had sought immunity for Butler, there is no reason to believe he would have received the immunity since it is the prosecution that must request a court order granting immunity. *See State v. Fox,* 491 N.W.2d 527, 533 (Iowa 1992).[2] If the prosecution found Butler's claim that O'Donnell was not driving the vehicle to be incredible, then it would not seek immunity because it would go against the public interest to do so. *See* Iowa R.Crim.P. 19(3)(a)(1) (requiring the county attorney to verify that "justice and the public interest require the testimony."). In short, O'Donnell was in no way prejudiced by his counsel's failure to depose Butler, call Butler to testify, or to attempt to seek immunity for Butler. Butler directly and through his attorney made it abundantly clear that he would plead the Fifth and Fourteenth Amendment if called to testify.

We find, without deciding whether there actually was ineffective assistance, that O'Donnell suffered no prejudice through the inaction of his defense counsel. We conclude O'Donnell's claim of ineffective assistance of counsel must fail.[3] Such claim is not preserved for further postconviction proceedings.

**AFFIRMED.**

■

---

1. At the post-trial hearing, a letter addressed to defense counsel from Mr. Butler's attorney was read into the record which basically noted the witness (Mr. Butler) had been advised to invoke his Fifth and Fourteenth Amendment rights. Defense counsel acknowledged to the court this was the same circumstances that existed at trial time. As an aside we agree with the trial court this possible testimony was known prior to trial time and under those circumstances it cannot be considered as newly discovered evidence.

2. The defense does not seriously claim there was prosecutorial misconduct as was one of the claims in *Fox.*

3. O'Donnell also cites as ineffective assistance his defense counsel's failure to call two witnesses at trial to introduce hearsay statements supposedly made by Butler that O'Donnell was not driving. These two witnesses did testify at the motion for a new trial hearing. Their testimony that was received at the post-trial hearing concerned a statement made by Butler two months after the trial. Thus, at the time of trial Butler's counsel had no evidentiary purpose in calling the two witnesses to testify.