STATE of Iowa, Appellee,

v.

Larry James GRADY, Appellant.

No. 55614.

Supreme Court of Iowa.

Feb. 20, 1974.

Philip F. Miller, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Michael Hansen, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS, and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant was charged with the crime of delivery of a schedule III controlled substance (amphetamines) in violation of what is now § 204.401, The Code, 1973. Following his jury trial conviction, defendant was sentenced to serve five years in

the penitentiary and fined $1000. He appeals and we affirm.

From the evidence the jury could have found that on September 10, 1971, Des Moines undercover police officer McBride drove to a local restaurant with an informant. The latter, whom the officer had picked up pursuant to instructions, was supposed to identify the defendant. The informant introduced McBride to defendant, telling him McBride "was looking for some stuff." McBride testified defendant then asked him what he wanted, to which he responded, "Let's go outside and talk." The subsequent transaction, in which defendant sold five capsules to McBride, occurred outside the cafe and outside the presence of the informant. The sale was partially observed by two other police officers some distance away.

I. Defendant contends trial court erred in failing to submit a requested instruction on the lesser offenses of possession with intent to deliver and simple possession.

The "delivery" prohibited by § 204.401, The Code, 1973, is defined in § 204.101(8):

" 'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship."

■ In State v. Habhab, 209 N.W.2d 73, 74–75 (Iowa 1973) we said an instruction on a lesser included offense is required only when the offense contains one or more of the specific elements legally required for the commission of the major offense. This legal condition must always be met, and there must be a confluence of this condition and a factual condition, that is, a factual basis for submitting the included offense to the jury. In *Habhab* we held the legal condition was not met: possession was not a lesser included offense in the crime of selling a narcotic drug.

We must now determine whether possession is a necessary legal element of delivery as that word is statutorily defined.

Webster's Third New International Dictionary (G. & C. Merriam Co. 1966) defines "transfer" as "the conveyance of right, title or interest in either real or personal property from one person to another by sale, gift or other process." In Commercial Discount Co. v. Cowen, 18 Cal.2d 610, 615, 116 P.2d 599, 602 (1941) the California Supreme Court said:

"[I]f we give to the word 'transfer' its meaning in ordinary use, it might mean either the delivery of possession to plaintiff or the conveyance of title to it."

It is conceivable a person might act as a broker in the drug trade, effecting delivery of a controlled substance by transfer of title or sale, without ever having possession of the material. See Dunahoo, Iowa's Uniform Controlled Substance Act: A Coordinated Approach to Drug Control, 21 Drake L.Rev. 77, 116 (1971).

■ We conclude a "constructive transfer" which would constitute illegal delivery of a controlled substance does not require possession. Thus possession is not a necessary legal element of delivery. Of course possession may be a separate indictable offense under § 204.401(3), The Code. But trial court did not err in failing to submit it as a lesser included offense. See State v. Habhab, supra, 209 N.W.2d 73 at 75.

II. Defendant asserts trial court should have granted his oral application to require the State to disclose the informer's identity.

The application was made during testimony taken prior to trial on a motion to suppress defendant's statements to the undercover officer who made the "buy". Defendant's written motion to suppress asserted the statements were obtained without defendant being advised of his constitutional rights and as a result of entrapment.

The undercover officer's testimony referred to the informer who introduced him to defendant.

Defense counsel, in then making his motion for disclosure, told the court the fact there was an informer " * * * comes as a complete surprise to me, since by client has never advised me of that, that there was another party along here * * *."

Our general rules relating to disclosure have been fully set out in State v. Lamar, 210 N.W.2d 600 (Iowa 1973); State v. Battle, 199 N.W.2d 70 (Iowa 1972), and State v. Denato, 173 N.W.2d 576 (Iowa 1970), and need not be repeated here.

Relating directly to the case before us is the following from State v. Lamar, supra, 210 N.W.2d at 603:

"The burden is inceptionally upon defendant to show cause for such disclosure. And in this regard the mere assertion of entrapment as a defense to a criminal charge will not suffice."

■ Defendant had no cause for disclosure if he knew the informant. There is a strong indication in the record he did: informant introduced the officer to him. Granted defense counsel did not know the informant's identity, yet under the circumstances shown here, there should have been some showing defendant was not acquainted with him. Defendant himself could have taken the stand for that purpose in this pretrial proceeding. His testimony could not have been used against him in trial on the issue of his guilt. Simmons v. United States, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247, 1259 (1968); United States v. Kahan, 479 F.2d 290, 295 (2 Cir. 1973); United States v. Harrison, 461 F.2d 1127, 1132 (5 Cir. 1972); 21 Am. Jur.2d, Criminal Law § 367, pp. 390–91.

■ Where the identity of the informant is known to the defendant, it is harmless error, if error at all, for the court to overrule a motion for disclosure of informant's identity. Sorrentino v. United States, 163 F.2d 627, 629 (9 Cir. 1947); People v. Williams, 255 Cal.App.2d 653, 660, 63 Cal.Rptr. 501, 505 (1967); see United States v. Escobedo, 430 F.2d 603, 609 (7 Cir. 1970); United States v. Conforti, 200 F.2d 365, 369 (7 Cir. 1952).

We hold this defendant did not show cause for disclosure and trial court rightly rejected the oral application.

III. We have examined the several other alleged errors relied on by defendant and find them without merit. Defendant received a fair trial and this case is affirmed.

Affirmed.