**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Armando Lujan CORRAL, Defendant-Appellant.**

No. 77–5728.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1978.

---

Joseph S. Chagra, El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., Rebecca Westfall, W. Ray Jahn, Asst. U. S. Attys., El Paso, Tex:, for plaintiff-appellee.

Before CLARK, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge.

Armando Lujan Corral, a junior high school teacher, had a part time job in the prison hobby shop of the federal correctional institution at La Tuna, Texas. On June 2, 1977 a confidential informant told a prison official that Corral would bring marijuana into the institution that afternoon when he reported for work. When Corral arrived at the prison he was informed by his supervisor that it was necessary that he be searched prior to entering on duty, to which he consented. A "baggie" of marijuana was found concealed in each of Corral's boots and an additional quantity found in the trunk of his vehicle.

After he was advised of his rights Corral made a statement admitting that pursuant to an agreement with an inmate he contacted a woman on the outside who had been designated by the inmate. He procured from the woman a sack of marijuana for delivery to the inmate.

Corral was tried by the court without a jury and was convicted under 4 counts. In the first count he was charged under the general conspiracy provision, 18 U.S.C. § 371, with conspiring with the inmate and the woman who provided the marijuana to introduce the marijuana into the grounds of the federal institution in violation of 18 U.S.C. § 1791. The second count was the companion substantive charge, violating 18 U.S.C. § 1791 by introducing marijuana into the grounds of the federal correctional institution. By the third count Corral was charged with violation of a specific conspiracy section, 21 U.S.C. § 846. That count alleged that he conspired with the same two persons to possess marijuana with intent to distribute. The fourth count was the companion substantive count charging him with violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing marijuana with intent to distribute the same.

Under Count 1 he was sentenced to 4 years imprisonment. Under Count 2 he was also sentenced to 4 years with the sentence to run concurrently with the Count 1 sentence. Under Count 3 he was sentenced to 4 years imprisonment and 6 years special parole, with the imprisonment to run concurrently with the sentences imposed under Counts 1 and 2. Under Count 4 he was sentenced to 4 years imprisonment and 6 years special parole with the sentence of imprisonment to run concurrently with the Count 3 sentence.

On appeal Corral complains that the trial court erred in denying his motion to compel the government to elect between Counts 1 and 3 of the indictment, his point being that the two counts charged the same offense.

In *United States v. Mori*, 444 F.2d 240 (5th Cir. 1971), *cert. den.* 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187, this court held that a single conspiracy may not be held violative of both the general conspiracy statute, 18 U.S.C. § 371, and a specific conspiracy statute.[1] In *Mori* we recognized that regardless of the number of its illegal objects it is the criminal agreement for which punishment is prescribed in the general statute. The *Mori* opinion also states:

> Our case is unlike *American Tobacco Co. v. United States*, 1946, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575, where the Supreme Court held that a conspiracy to violate section 1 of the Sherman Act, 15 U.S.C.A. § 1, and a conspiracy to violate section 2 of the Sherman Act, 15 U.S.C.A. § 2, gave rise to separate, distinct statutory offenses. Sections 1 and 2 specifically provide that conspiracies to violate their provisions constitute separate criminal acts. In the instant case, however, we do not have two independent conspiracy statutes. Rather the defendant herein was indicted under a specific conspiracy statute and a general conspiracy statute. Under general principles of statutory constructions, the catchall provision of section 371 became subsumed under the particular, specific provisions of section 174. Moreover, even in *American Tobacco*, the Court recognized that its holding would not apply to a course of conduct which constituted a single, indivisible agreement . . . . .

In the present case the conspiratorial agreement alleged in Count 3 was the same indivisible conspiratorial agreement as that involved in Count 1. Its separate objectives were framed as separate counts, the elements of proof of which were different. Under *Mori*, however, it is impermissible to so fragment a single illegal agreement when violation of the general conspiracy statute is charged. The rule of that case provides that the catchall provisions in the general statute (the Count 1 allegation) are "subsumed under the particular specific provisions of" Count 3.

We have considered the other contentions advanced by appellant in this court in the light of the record, the briefs and the arguments of counsel and we are clear to the conclusion that the same are without merit.

The judgments of conviction as to Counts 2, 3 and 4 are affirmed. The judgment of conviction and sentence as to Count 1 is reversed. The case is remanded for resentencing under Counts 2, 3 and 4 and with instructions that Count 1 be dismissed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

---

1. A distinction has been drawn in those cases in which a single agreement has been held violative of two specific conspiracy statutes. See, *e. g. United States v. Houltin*, 525 F.2d 943 (5th Cir. 1976) specifically reaffirming *Mori*.