STATE of Iowa, Appellee,

v.

David Lorinzo WELCH, Appellant.

No. 92–919.

Supreme Court of Iowa.

Oct. 20, 1993.

Linda Del Gallo, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., John Sarcone, County Atty., and Jamie Bowers, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Defendant David L. Welch appeals from his convictions, following a jury trial, of possession of cocaine with intent to deliver, distribution of a controlled substance to a minor, and failure to affix a drug tax stamp in violation of Iowa Code sections 204.-401(1)(b)(3), 204.406(1)(a), and 421A.3 (1991). He contends (1) the district court erred in failing to merge his sentences for possession with intent to deliver and distribution of a controlled substance to a minor, (2) the State failed to present sufficient evidence to support his convictions of the three offenses, (3) his convictions of both possession with intent to deliver and failure to affix a drug tax stamp violate double jeopardy, (4) the district court erred in instructing the jury on aiding and abetting, and (5) he was denied effective assistance of counsel.

Viewing the evidence in the light most favorable to the State, the jury could have found the following facts. In the early hours of June 6, 1991, Des Moines police officer David Huberty and his partner were in a parked car conducting surveillance. Their car was positioned about sixty to eighty yards from an apartment building. Looking through a spotting scope Huberty observed a car drive up to the building. Huberty saw Welch get out of the car and enter the building where he remained for approximately one minute.

When Welch came out of the building Huberty saw that he was carrying a plastic bag containing a white substance. Welch met another man on the steps of the building, withdrew a small rock-like piece of the white substance from the plastic bag, and started to hand the substance to the other man. Huberty's view was partially obstructed and he could not observe whether the man actually took the substance from Welch. Welch then walked back to the driver's side of the car.

At this point Huberty could only see Welch's shoulders and head. Huberty saw Welch look up and down the street and then walk back to the sidewalk in front of the building. Huberty called for assistance from other officers who arrived and searched Welch and the car.

Elenor Welch, Welch's cousin, was seated in the driver's seat, Maurice Williams was in the front passenger seat, and Duvalmetrise Brown was in the back seat of the car. As one officer approached the car he saw Brown bend over and dig with his hands. After all three passengers got out of the car the police found a plastic bag of crack cocaine under Brown's seat. No drugs were found on Welch or in the vicinity of the car.

Brown told the police that the cocaine was his. Brown, seventeen at the time of this incident, was waived to adult court and pleaded guilty to possession of cocaine with intent to deliver. Welch was charged with possession of cocaine with intent to deliver, distribution of a controlled substance to a minor and failure to affix a drug tax stamp. After his conviction of and sentence on all three charges, Welch appealed.

## I. *Lesser Included Offense.*

Welch contends that possession with intent to deliver is a lesser included offense of distribution of a controlled substance to a minor and consequently the court erred in not merging his sentences for these crimes. In support of his contention Welch argues it is impossible to commit distribution of a controlled substance to a minor without committing possession with intent to deliver. This is so, he says, because in order to distribute a controlled substance, one must possess it with the intent to distribute it.

■ In determining whether an offense is a lesser included offense we use the strict statutory-elements approach. *State v. Jeffries*, 430 N.W.2d 728 (Iowa 1988). Under this approach a lesser offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense. "If the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater." *Id.* at 740.

■ In determining the elements of an offense, we look to the statute defining it. *State v. Wales*, 325 N.W.2d 87, 88 (Iowa 1982). When the statute defines an offense alternatively, we examine the court's marshaling instruction to determine the alternative actually submitted to the jury. *State v. Steens*, 464 N.W.2d 874, 875 (Iowa 1991). We do not consider alternatives not embraced by the instructions. *Id.*

For purposes of this case, the essential elements of each offense are:

Possession with Intent to Deliver.

(1) The defendant knowingly possessed cocaine;

(2) The defendant knew the substance he possessed was cocaine; and

(3) The defendant possessed the cocaine with the specific intent to deliver it to another.

Iowa Code § 204.401(1)(b)(3).

Distribution to a Minor.

(1) The defendant is eighteen years of age or older;

(2) The defendant knowingly distributed a controlled substance to another individual; and

(3) The other individual was under the age of eighteen at the time the controlled substance was delivered.

Iowa Code § 204.406(1)(a).

■ After applying the statutory-elements test we conclude that possession with intent to deliver is not a lesser included offense of distribution of a controlled substance to a minor. We reach this conclusion because possession is not an element of distribution of a controlled substance to a minor but is an element of possession with intent to deliver.

Welch contends that proof of distribution, defined in the Code as "delivery," necessarily proves possession. Therefore, he argues, it is impossible to commit the distribution offense without also committing the possession offense. However, we have previously held that delivery does not require possession. *State v. Grady*, 215 N.W.2d 213, 214 (Iowa 1974).

Welch argues that our definition of possession has changed since *Grady*. He contends that when *Grady* was decided we understood that possession must be actual and only several years later in *State v. Rudd*, 454 N.W.2d 570 (Iowa 1990), announced that possession may be actual or constructive. He suggests that *Grady* is no longer precedent for the proposition that possession is not a necessary element of delivery because now that possession may be constructive, proof of delivery necessarily proves at least constructive possession. However, Welch is wrong in assuming that only actual possession was contemplated in *Grady*. Prior to our decision in

*Grady* we recognized that possession could be actual or constructive in *State v. Reeves,* 209 N.W.2d 18, 23 (Iowa 1973). Therefore, we conclude that *Grady* is still good law.

Because proof of delivery does not necessarily prove possession, possession with intent to deliver is not a lesser included offense of distribution of a controlled substance to a minor. Therefore, the trial court did not err in refusing to merge Welch's sentences for these crimes.

### II. *Sufficiency of Evidence.*

Welch argues that the evidence was insufficient to support his convictions of possession with intent to deliver, distribution of a controlled substance to a minor, and failure to affix a drug tax stamp. To determine whether there is sufficient evidence to support a jury verdict, "we view the evidence in the light most favorable to the State, 'including all legitimate inferences and presumptions which may fairly and reasonably be deduced from the evidence in the record.'" *State v. Garr,* 461 N.W.2d 171, 173 (Iowa 1990) (*quoting State v. Blair,* 347 N.W.2d 416, 418–19 (Iowa 1984)).

A. *Distribution of a controlled substance to a minor.* Welch initially claims that there was insufficient evidence that he "distributed" cocaine to a minor. The Code defines "distribute" to mean "deliver." Iowa Code § 204.101(11) (1991). Delivery is defined to mean "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Iowa Code § 204.-101(8) (1991). Welch contends delivery requires not just a physical transfer but also a transfer of title. He argues there was not sufficient evidence he transferred legal title of the cocaine to Brown.

■ We do not find any requirement in chapter 204 that a transfer of legal title must occur in order to prove a delivery. In fact, the definition of delivery includes transfers to an agent which presumably would not include a transfer of title. Clearly the statute does not require a transfer of legal title in order for delivery, and therefore distribution, to occur. *See Grady,* 215 N.W.2d at 214 (trans-

fer may mean delivery of physical possession *or* conveyance of title); Kermit L. Dunahoo, *Iowa's Uniform Controlled Substance Act: A Coordinated Approach to Drug Control,* 21 Drake L.Rev. 77, 116 (1971) (suggests passing of title not required for delivery). Based on the facts reviewed above and in the following section we hold that there was sufficient evidence to support defendant's conviction of distribution of a controlled substance to a minor.

B. *Possession with intent and failure to affix a drug tax stamp.* Welch argues that there was insufficient evidence to show that he possessed the cocaine found in the car, a necessary element of both crimes. He asserts that the jury's conclusion that he possessed the cocaine was based on speculation and that the State's evidence was circumstantial.

■ At trial, Officer Huberty testified that he viewed Welch through a spotting scope as he approached and retreated from the apartment building. Huberty stated that when Welch began to walk away from the building he was carrying a clear plastic bag containing a white substance. Huberty saw Welch reach into the bag and pull out a small, white, rock-like substance which he appeared to give to another man. Welch then walked to the car, paused to look up and down the street, and returned to the sidewalk. Minutes later police found a bag of crack cocaine underneath the back seat of the car. A policeman on the scene testified that as he approached the car he saw Brown appear to be putting something under his seat. No drug tax stamps were attached to the bag.

It is true, as Welch claims, that the evidence presented at trial was largely circumstantial. However, direct and circumstantial evidence are equally probative. Iowa R.App.P. 14(f)(16); *Garr,* 461 N.W.2d at 173. We believe the evidence was sufficient to support Welch's convictions of possession with intent and failure to affix a drug tax stamp.

### III. *Double Jeopardy.*

■ Welch argues that his convictions for possession with intent to deliver and failure to affix a drug tax stamp violate double

jeopardy. We recently rejected an identical contention in *State v. Butler,* 505 N.W.2d 806 (Iowa 1993). For the reasons stated in *Butler,* we reject Welch's argument that his convictions of possession with intent to deliver and failure to affix a drug tax stamp violate double jeopardy.

## IV. *Instructions on Aiding and Abetting.*

Welch contends that the district court erred in giving an instruction on aiding and abetting on the charge of distribution to a minor. The court gave an instruction on aiding and abetting but did not specify the charges to which the instruction was directed. Welch argues that the instruction was error as it pertains to the distribution charge because Brown, a minor, could not have been the principal in the crime. Therefore, Welch could not be an aider and abettor. The State argues the instruction was proper under the theory that Welch may have transferred the cocaine to one of the other passengers in the car who then transferred it to Brown.

█ We believe that Welch failed to preserve the error he now alleges occurred on this issue. Prior to the completion of the defendant's case, there was a short, informal discussion outside the presence of the jury between counsel and the court concerning the appropriateness of an instruction on aiding and abetting. Later, the court presented the attorneys with a proposed set of instructions which included an aiding and abetting instruction. At that time, defense counsel was given an opportunity to make any objections to the instructions on the record. Defense counsel did not voice any objection to the instruction on aiding and abetting.

We have previously held that to preserve error counsel must make a specific objection to the instructions in their final form. *State v. Sallis,* 262 N.W.2d 240, 248 (Iowa 1978). In the absence of such an objection, any alleged error in the instruction is waived. *State v. Bell,* 223 N.W.2d 181, 185 (Iowa 1974). Defense counsel did not object to the aiding and abetting instruction at the time the final instructions were presented to the attorneys. Although there had been informal discussions between counsel and the court concerning the propriety of giving this instruction, the court should have been advised of counsel's objection to the instruction when the formal record was made. In the absence of such an objection, the court was justified in assuming any objection had been abandoned. *See State v. Washington,* 257 N.W.2d 890, 895 (Iowa 1977) (any ground of exception not particularly specified is considered as abandoned), *cert. denied,* 435 U.S. 1008, 98 S.Ct. 1881, 56 L.Ed.2d 390 (1978). We hold that error, if any, in giving an aiding and abetting instruction was not preserved.

## V. *Ineffective Assistance of Counsel.*

Welch argues that he was denied his right to effective assistance of counsel. He claims his counsel was ineffective for two reasons: (1) counsel failed to file a motion to dismiss on grounds that the drug tax constitutes an excessive tax, and (2) counsel made no challenge that the drug tax stamp charge was violative of his right against self-incrimination under the Fifth Amendment of the United States Constitution.

█ In order for Welch to establish a claim of ineffective assistance of counsel, he must show: (1) counsel's performance fell outside the normal range of competency; and (2) the deficient performance so prejudiced the defendant as to give rise to a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. U.S. Const. amend. VI; *State v. McKettrick,* 480 N.W.2d 52, 55 (Iowa 1992).

█ Claims of ineffective counsel are usually not adjudicated on direct appeal because the attorney charged with ineffectiveness has not had an opportunity to respond to the allegations. *Id.* at 56. However, because the defendant must prove both incompetent representation and prejudice, we will affirm a conviction on direct appeal if the defendant has failed to prove prejudice. *Id.* Welch is unable to prove prejudice in the present case because both issues he claims his counsel should have raised are clearly without merit.

We recently held in *State v. Gallup,* 500 N.W.2d 437, 444 (Iowa 1993), that the drug tax did not violate due process. There, the defendant made the same argument Welch

makes in this case that the tax imposed is grossly disproportionate to the value of the drugs. We held in *Gallup* that this claim was without merit. Accordingly, we hold that Welch was not prejudiced by his trial attorney's failure to file a motion to dismiss on the grounds that the drug tax constitutes an excessive tax.

In *State v. Godbersen,* 493 N.W.2d 852, 857 (Iowa 1992), we held that Iowa Code chapter 421A, which imposes the drug tax, does not require a defendant to incriminate himself in violation of the Fifth Amendment of the United States Constitution. Consequently, we conclude that Welch was not prejudiced by defense counsel's failure to assert such a challenge to the drug tax stamp charge in this case. Therefore, we reject Welch's claim that he was denied effective assistance of counsel.

## VI. *Summary.*

In summary, we hold that (1) the district court did not err in failing to merge Welch's sentences for possession with intent to deliver and distribution of a controlled substance to a minor; (2) there was sufficient evidence to support Welch's convictions of all three charges; (3) Welch's convictions of both possession with intent to deliver and failure to affix a drug tax stamp did not violate double jeopardy; (4) any error in instructing the jury on aiding and abetting was waived; and (5) Welch was not denied effective assistance of counsel. For these reasons, we affirm the judgment and sentence of the district court.

**AFFIRMED.**