**STATE of Iowa, Plaintiff–Appellee,**

v.

**Joseph SPIVIE, Defendant–Appellant.**

No. 97–0657.

Court of Appeals of Iowa.

April 24, 1998.

---

**2.** Quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528, 540–41 (1985) (footnote omitted) (citations omitted) (emphasis added); *accord Helicopteros* *Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 411 (1984).

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Denver D. Dillard, County Attorney, and Jerry Vander Sanden, Assistant County Attorney, for appellee.

Heard by SACKETT, P.J., and STREIT and MAHAN, JJ.

SACKETT, Presiding Judge.

Defendant-appellant Joseph Spivie appeals his conviction following a jury trial for manufacturing a controlled substance in violation of Iowa Code section 124.401(1)(d) (1995). Defendant contends (1) there is not sufficient evidence to support the conviction; (2) the trial court should have submitted possession of a controlled substance as a lesser-included offense; and (3) the trial court abused its discretion in imposing a fine. We affirm and remand for partial resentencing.

Two Marion police officers saw two large plants they thought to be marijuana growing near the front and back door of a trailer home. There was mulch around the base of both plants. As the officers were looking at the plants, defendant opened the door and asked the officers what they were doing.

Defendant subsequently gave the officers permission to search the trailer home. Defendant was the only person in the trailer at the time. In the trailer, the officers found a partially-smoked cigarette they thought to be marijuana, a pipe, marijuana seeds, a "dug-out" used to store marijuana, and scales.

Tests were done on the plants and they were determined to be marijuana.

■ Defendant first contends there was not sufficient evidence to prove the charge. We review for correction of errors at law. *State v. Randle,* 555 N.W.2d 666, 671 (Iowa 1996). The jury's findings of guilt are binding on appeal if supported by substantial evidence. Iowa R.App. P. 14(f)(1). If a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial. *State v. Robinson,* 288 N.W.2d 337, 341 (Iowa 1980). We review the evidence in the light most favorable to the State, including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the record. *State v. Simpson,* 528 N.W.2d 627, 632–33 (Iowa 1995); *State v. Liggins,* 524 N.W.2d 181, 186 (Iowa 1994). We consider all evidence, not just that of an inculpatory nature. *Randle,* 555 N.W.2d at 671. Evidence that raises only suspicion, speculation, or conjecture is not substantial evidence. *Id.; State v. Barnes,* 204 N.W.2d 827, 829 (Iowa 1972).

Iowa Code section 124.401(1) provides:

Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance, a counterfeit substance, or a simulated controlled substance, or to act with, enter into a common scheme or design with, or conspire with one or more other persons to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, a counterfeit substance, or a simulated controlled substance.

■ "Manufacture" is defined in Iowa Code section 124.101(16) as:

[T]he production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance by an individual for the individual's own use,....

The act of growing marijuana falls within that definition. *See* Iowa Code § 124.101(24). Production includes cultivation, growing, or harvesting. *See State v. Boothe,* 285 N.W.2d 760, 765 (Iowa App. 1979).

■ In order to establish defendant was engaged in the manufacturing of the marijuana, it was necessary for the State to show he was able to claim immediate dominion over the process, or maintained or shared exclusive dominion over the process. *See State v. Thomas,* 561 N.W.2d 37, 40 (Iowa 1997); *see also State v. Parrish,* 502 N.W.2d 1, 3 (Iowa 1993); *State v. Rudd,* 454 N.W.2d 570, 571 (Iowa 1990).

■ Though there was no one else in the trailer home during the search, the officers found mail with defendant's name and there was evidence from the investigating officers that at least one adult woman also lived in the trailer home. One officer admitted in searching he may have run into someone else's mail, but he did not take it. The evidence was sufficient to show defendant was a resident of the trailer home, exercised control over the premises, and was more than a mere visitor. There is substantial evidence to support the conviction.

Defendant next advances the trial court should have submitted the lesser offense of possession of a controlled substance in response to his request.

■ Our review on the issue of failure to give a requested instruction is for errors at law. Iowa R.App. P. 4; *see also State v. Coffin,* 504 N.W.2d 893, 894 (Iowa 1993).

■ The supreme court has held what they term the "impossibility test" is the paramount consideration in determining the submissibility of lesser-included offenses. *Coffin,* 504 N.W.2d at 894. That test is whether the greater offense cannot be committed without also committing all elements of the lesser offense. *Id.*

■ The legal or elements test comes into play as an aid in applying the impossibility test and is fully subsumed in it. *State v.*

*Turecek*, 456 N.W.2d 219, 223 (Iowa 1990). Under the legal or elements test, if the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater. *Coffin*, 504 N.W.2d at 895. In using this test, we are directed to look to the statutory elements rather than to the charge or the evidence. *Id.*; *State v. Jeffries*, 430 N.W.2d 728, 740 (Iowa 1988).

■ In a jury case, we first look to the marshaling instruction to determine if possession of a controlled substance must be submitted as a lesser-included offense of manufacturing a controlled substance. *See Turecek*, 456 N.W.2d at 223. Then we must decide, if the elements of the greater offense are established in the manner in which the State has sought to prove those elements, whether the elements of any lesser offense have also necessarily been established. *Id.* It is not necessary that the elements of possession be described in the statutes in the same way as the elements of manufacturing. *Id.*

The State contends this issue is controlled by *State v. Grady*, 215 N.W.2d 213 (Iowa 1974). In *Grady*, the court held possession is not a lesser-included offense of delivery because conceivably a person might act as a broker in the drug trade effecting delivery of a controlled substance by transfer of title or sale without ever having possession. *Id.* at 214. The court went on to say, "We conclude a 'constructive transfer' which would constitute illegal delivery of a controlled substance does not require possession." *Id.* Thus, possession is not a necessary legal element of delivery. *Id.*

■ We agree with the State the manner in which the statute is written makes it conceivable a defendant might be a part of the manufacture of a controlled substance by financing the manufacture without being in actual possession of the illegal substance. Applying the dictates of *Grady*, we affirm on this issue.

Defendant next contends the trial court exercised its discretion to suspend defendant's term of incarceration but did not exercise its discretion in treating the $1000 fine as mandatory. The State agrees with defendant error was preserved on this issue.

■ The fine was imposed under Iowa Code section 124.401(1)(d). The language in section 124.401(1)(d) establishing a minimum fine does not remove the court's authority to suspend the fine. *State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997); *State v. Grey*, 514 N.W.2d 78, 79 (Iowa 1994).

The trial court first sentenced defendant to the Iowa Department of Corrections for an indeterminate term, the maximum length not to exceed five years, and suspended the sentence during defendant's good behavior and placed him on three years probation with instructions for participation in a substance abuse program.

■ Then, the following occurred:

THE COURT: Does this case call for a fine too?

PROSECUTOR: There's a mandatory minimum $1000 fine.

THE COURT: Yeah. It's the further judgment of the Court that defendant is fined the sum of $1000 plus thirty percent surcharge and given 120 days to pay that fine and costs.

. . . .

Reasons for the facts in support of the Court's decision to suspend the sentence of imprisonment and place defendant on probation for three years are the recommendation of the defendant's attorney and, finally, the Court believes that this sentence will provide the maximum opportunity for the rehabilitation of the defendant and also provide the maximum protection to society from the commission of like offenses by the defendant.

Defendant contends this exchange indicates the court considered the fine mandatory. The State advances the comments between the court and the prosecutor indicate the court was aware it had the option of suspending defendant's fine but chose not to do so. The State further argues since the court suspended the prison term, it was aware a sentence imposed under section 124.401 could be suspended.

The trial court's answer indicates it concurred with the prosecutor that the fine was mandatory. We remand only for reconsideration of the fine portion of the sentence, defendant not having challenged any other part. *See Lee,* 561 N.W.2d at 354; *State v. Krivolavy,* 258 N.W.2d 157, 158 (Iowa 1977). We do not retain jurisdiction.

**AFFIRMED AND REMANDED FOR PARTIAL RESENTENCING.**