STATE of Iowa, Plaintiff–Appellee,

v.

Kevin Eugene CAQUELIN,
Defendant–Appellant.

No. 04–1683.

Court of Appeals of Iowa.

May 11, 2005.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Timothy N. Schott, County Attorney, and Wendy S. Samuelson, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and MAHAN and ZIMMER, JJ.

MAHAN, J.

Kevin Caquelin appeals the convictions and sentences entered by the district court following his guilty pleas to introducing a controlled substance into a detention facility in violation of Iowa Code section 719.8 (2003) and possession of a controlled substance in violation of Iowa Code section 124.401(5). Specifically, he contends he received an illegal sentence because the district court failed to merge his two offenses pursuant to Iowa Code section 701.9. We affirm.

### I. Background Facts & Proceedings.

On May 4, 2004, the State charged Caquelin by trial information with introducing a controlled substance into a detention facility (Count I) and driving while barred (Count II). On July 23, 2004, pursuant to a plea agreement, the State amended

Count II of the trial information to reflect a charge of possession of controlled substance. Caquelin pled guilty to the two charges on September 2, 2004. On October 12, 2004, the district court sentenced Caquelin to an indeterminate term of incarceration not to exceed five years on Count I and six months of incarceration on Count II. The court ordered the sentences to be served consecutively. Caquelin appeals.

## II. Standard of Review.

■ Where a defendant alleges he has illegally been sentenced under the merger statute, our review is for the correction of errors at law. *See State v. Anderson*, 565 N.W.2d 340, 342 (Iowa 1997); *see also* Iowa R.App. P. 6.4.

## III. Merger of Offenses.

■ Iowa Code section 701.9 provides:

No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

Our supreme court has held that this statute "codifies the double jeopardy protection against cumulative punishment." *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993). Thus, we look to legislative intent to determine whether merger is required under section 701.9. *See id.* Legislative intent is indicated, in part, by whether the crimes at issue meet the legal elements test for lesser-included offenses. *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa

1995); *see generally Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). To apply the legal elements test,[1] we look to the elements of each offense and determine if the greater can be committed without also committing the lesser. *State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001). If the greater offense cannot be committed without also committing the lesser offense, the lesser is an included offense of the greater. *Id.* Even though a crime may meet the legal elements test for lesser-included offenses, separate punishment is permissible if the legislature intended to impose multiple punishments for both offenses. *See Halliburton*, 539 N.W.2d at 344.

■ In order to be convicted of introducing a controlled substance into a detention facility, a class D felony, the State must prove that the defendant (1) introduced a controlled substance or intoxicating beverage into the premises of a detention facility and (2) was not authorized by law to do so. Iowa Code § 719.8. In contrast, in order to prove a defendant guilty of possession of a controlled substance, a serious misdemeanor, the State must show the defendant (1) knowingly or intentionally possessed a controlled substance and (2) knew the substance he possessed was a controlled substance. *Id.* § 124.401(5). Thus, the issue is whether possession is a necessary element of introducing a controlled substance into a detention facility. Caquelin contends that it is, because a person cannot introduce a controlled substance into a detention facility without exerting dominion and control over the contraband. Contrarily, the State asserts that possession is not necessarily an element because section 719.8 encompass-

---

1. The "legal elements test" is also referred to as the "impossibility test," see, e.g., *State v. Shearon*, 660 N.W.2d 52, 55 (Iowa 2003), and the *Blockburger* test, see, e.g., *Halliburton*, 539 N.W.2d at 344.

es situations where a person mails contraband into a prison or relies on someone else to transport the contraband into the facility.

Our supreme court has not definitively decided this issue. However, in *State v. Grady*, 215 N.W.2d 213, 214 (Iowa 1974), the court addressed an analogous issue and held that possession is not a necessary legal element of delivery. There, the court reasoned that a person could conceivably act as a broker in the drug trade, thereby effecting delivery of a controlled substance by transfer of title or sale without ever having possession. *Id.* Similarly, in *State v. Spivie*, 581 N.W.2d 205, 208–09 (Iowa Ct.App.1998), this court determined that possession was not a necessary legal element of manufacturing a controlled substance. Relying on the reasoning employed by the supreme court in *Grady*, this court determined that a defendant could also finance the manufacturing of controlled substances and be a part of the venture without being in actual possession of the illegal substance. *Id.* at 209. In accord with the dictates of *Grady* and *Spivie*, it seems self-evident that one might introduce a controlled substance into a detention facility without necessarily being in possession of the substance. Therefore, in accordance with the reasoning of the aforementioned case law, we conclude that possession is not a necessary legal element of introducing a controlled substance into a detention facility.

A review of case law from other jurisdictions addressing similar situations bolsters our conclusion. At least one other state supreme court has recently held that taking controlled substances into a jail may be proven without necessarily proving possession. *See Paramo v. State*, 896 P.2d 1342, 1345 (Wyo.1995). A number of federal court decisions, although dealing with a different set of statutes, further compel our conclusion that possession is not a necessary element of introducing controlled substances into a detention facility. *See, e.g., United States v. Campbell*, 652 F.2d 760, 762–63 (8th Cir.1981). For example, in *United States v. Ahmad*, 347 F.Supp. 912, 921–22 (M.D.Pa.1972), *aff'd in part and rev'd in part sub nom. United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973), the district court concluded that an attempt to introduce contraband into a federal prison had been proved against an outside sender who transmitted unapproved mail through a courier. Thus, although the outside sender did not have actual or constructive possession of the contraband at issue, the federal district court determined the outside sender had violated the federal statute prohibiting the introduction of contraband into federal penal institutions.[2] *Id.* Relying on *Ahmad*, the Eighth Circuit Court of Appeals similarly held that possession of a controlled substance was not necessarily included in the offense of introduction of contraband onto the grounds of a federal penal institution. *Campbell*, 652 F.2d at 762–63. The Eighth Circuit further noted a number of other cases where convictions were approved for both possession of a controlled substance and introduction of a controlled substance into a penal institution. *See id.* at 762 (citing *United States v. Corral*, 578 F.2d 570 (5th Cir.1978); *United States v. Yanishefsky*, 500 F.2d 1327 (2d Cir.1974); *United States v. Jiminez*, 454 F.Supp. 610

---

2. At the time *Ahmad* was decided, the statute under which the defendant was charged, 18 U.S.C. § 1791, provided: "Whoever, contrary to any rule or regulation promulgated by the Attorney General, introduces or attempts to introduce into or upon the grounds of any Federal penal or correctional institution or takes or attempts to take or send therefrom anything whatsoever, shall be imprisoned not more than ten years."

(M.D.Tenn.1978); *United States v. Ward,* 431 F.Supp. 66 (W.D.Okl.1976)).

Caquelin attempts to rely on the decisions from two other jurisdictions that have reached contrary conclusions. *See Goodwin v. State,* 342 Ark. 161, 27 S.W.3d 397, 400 (2000), *rev'd on other grounds by McCoy v. State,* 347 Ark. 913, 69 S.W.3d 430 (2002); *Brown v. State,* 35 S.W.3d 183, 190 (Tex.App.2000), *rev'd on other grounds by Brown v. State,* 89 S.W.3d 630 (Tex. Crim.App.2002). However, both Arkansas and Texas employ case law that is inconsistent with current Iowa legal precedent. For example, in Arkansas, possession is considered a lesser-included offense of delivery. *See Glover v. State,* 273 Ark. 376, 619 S.W.2d 629, 630 (1981). This is in direct conflict with our supreme court's holding in *Grady,* 215 N.W.2d at 214. Further, it appears that Texas employs a factual basis analysis for determining whether a lesser offense is included in a greater one. *See, e.g., Duhrkopf v. State,* 671 S.W.2d 147, 151 (Tex.App.1984) ("The relevant test is whether the possession offense can be proved by the same facts necessary to establish the offense charged."). Iowa has abandoned the factual basis analysis, and as previously mentioned applies the "impossibility test." *Shearon,* 660 N.W.2d at 55. Consequently, we find the cases relied upon by Caquelin to be nonpersuasive.

Further, assuming arguendo that Caquelin's crimes had met the legal elements test, merger of his sentences would still be improper based upon the clear legislative intent to the contrary. *See State v. Lewis,* 514 N.W.2d 63, 69 (Iowa 1994). Based on the differing purposes of the statutes at issue, we believe it is apparent the legislature intended multiple punishments for both offenses. Iowa Code section 124.401(5) prohibits possession of a controlled substance within the general public.

This section was designed to punish an individual who possesses drugs for personal use because such conduct is destructive to society in general. In contrast, section 719.8 prohibits the introduction of a controlled substance into a detention facility because the introduction of contraband threatens the security and disrupts the balance of Iowa's penal institutions. The purpose of section 124.401(5) is to protect the public at-large from substance abusers. Contrarily, the purpose of section 719.8 is to protect the security of the facilities in which convicted criminals are incarcerated. Thus, we think it is clear the legislature intended that a defendant who violates section 124.401(5) and section 719.8 be punished under both statutes. In light of the foregoing, we conclude the district court did not err by failing to merge Caquelin's offenses. Consequently, we affirm his convictions and sentences.

**AFFIRMED.**