# IN THE SUPREME COURT OF IOWA

No. 13–1113

Filed January 9, 2015

**STATE OF IOWA,**

Appellee,

vs.

**JILLIAN JANE STEWART,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, James D. Scott, Judge.

Defendant seeks further review of a court of appeals decision affirming her conviction and holding the offense of possession of a controlled substance does not merge with the offense of introduction of a controlled substance into a detention facility. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick Jennings, County Attorney, and Amy Klocke, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we consider whether the offense of possession of a controlled substance merges with the offense of introduction of a controlled substance into a detention facility by operation of Iowa's merger statute and principles of double jeopardy. For the reasons expressed below, we conclude the crimes do not merge and may be simultaneously charged in one criminal prosecution. We therefore affirm the decision of the court of appeals.

## I. Background Facts and Proceedings.

As this case raises purely legal issues, the facts need not be recited in detail. Jillian Stewart was arrested by Sioux City police. She was subsequently charged with possession of a controlled substance in violation of Iowa Code section 124.401(5) (2011), introduction of a controlled substance into a detention facility in violation of Iowa Code section 719.8, and unlawful possession of a prescription drug in violation of Iowa Code section 155A.21(1). The State dismissed the possession-of-a-prescription-drug offense prior to trial. After a jury trial, Stewart was convicted of the two remaining offenses. The district court entered judgment against Stewart for both crimes and sentenced her to a five-year indeterminate term of incarceration on the introduction charge and a one-year term of incarceration on the possession charge, to be served concurrently.

Stewart appealed. She claimed the district court entered an illegal sentence because the offenses of introduction and possession merged into a single offense under Iowa Code section 701.9. She also asserted the district court erred in assessing court costs for a charge which was dismissed by the district court. The court of appeals held the offenses did not merge, but agreed with Stewart that costs should not have been

assessed to her related to the dismissed charge. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) ("Iowa Code section 815.13 and section 910.2 clearly require . . . that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan.").

We granted further review. We allow the decision of the court of appeals to stand with respect to the cost issue. *See Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 770 (Iowa 2009) ("When we take a case on further review, we have the discretion to review any issue raised on appeal . . . . As to the other issues raised in the briefs, we will let the court of appeals opinion stand as the final decision of this court."). We consider only the question of whether the remaining criminal offenses should have been merged.

## II. Standard of Review.

Alleged violations of the merger statute are reviewed for corrections of errors at law. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). Double jeopardy claims are reviewed de novo. *Id.*

## III. Discussion of Merger and Double Jeopardy Issues.

**A. Positions of the Parties.** Stewart raises two challenges to her conviction for possession. First, she asserts that to convict her of both introduction and possession of a controlled substance violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1] *See* U.S. Const. amend. V (providing that no person shall "be subject for the same offence to be twice put in jeopardy of life or

---

[1]She makes no claim under the double jeopardy clause of the Iowa Constitution which utilizes different language than the federal counterpart. Article I, section 12 of the Iowa Constitution provides: "[n]o person shall after acquittal, be tried for the same offence." This case does not involve successive prosecutions, but prosecutions for multiple crimes in a single case.

limb"). Second, she asserts that her conviction of both crimes violates the merger statute found in Iowa Code section 701.9 (providing that "[n]o person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted"). The sum and substance of her argument under both her constitutional and statutory theories is that under the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."), it is legally impossible to be convicted of introduction of a controlled substance without also possessing that controlled substance. Further, she asserts the legislature did not intend for two separate crimes to arise when it is impossible to commit the greater crime without also committing the lesser crime. As a result, she argues her conviction of the lesser offense, possession, must be reversed.

In her analysis, Stewart focuses on the language of several Iowa statutes. She notes Iowa Code section 719.8 prohibits the introduction of controlled substances into detention facilities, Iowa Code section 706.3 prohibits a conspiracy alternative, Iowa Code section 703.1 presents an aiding and abetting alternative, and Iowa Code section 703.2 creates a joint criminal conduct crime. She asserts that because she was only charged under Iowa Code section 719.8, we must analyze legal impossibility solely under the terms of this statute. According to Stewart, we cannot consider the possibility of liability on a conspiracy, aiding and abetting, or joint criminal conduct theory because Stewart was not charged under these statutes, but only under Iowa Code section 719.8, which she labels "the direct commission alternative." She notes that under our caselaw where a statute provides alternative methods of

committing a crime, "it does not matter that some alternatives of [the greater offense] can be committed without necessarily committing [the lesser included offense] because those alternatives were not charged by the State." *State v. Miller*, 841 N.W.2d 583, 594 (Iowa 2014).

Stewart recognizes that in *State v. Caquelin*, 702 N.W.2d 510, 512–13 (Iowa Ct. App. 2005), the court of appeals held introduction and possession of a controlled substance were two separate crimes. Stewart argues *Caquelin* was wrongly decided and should be reversed by this court.

Stewart also recognizes that even where legal impossibility may possibly be present, our precedent suggests that dual convictions might nonetheless be affirmed if there is clear evidence the legislature intended two punishments to apply to the same acts or omissions. *See State v. Bullock*, 638 N.W.2d 728, 732 (Iowa 2002) (noting that "[e]ven though a crime may meet the so-called *Blockburger* test for lesser-included offenses, it may still be separately punished if legislative intent for multiple punishments is otherwise indicated"); *State v. Perez*, 563 N.W.2d 625, 629 (Iowa 1997) (holding if the legislature intends double punishment, section 701.9 is not applicable and merger is not required); *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995) (stating even if the crimes meet the legal impossibility test, we must "study whether the legislature intended multiple punishments for both offenses"). Stewart asserts there is no evidence the legislature intended dual punishments under the statutes involved in this case.

In the alternative, Stewart contends we should abandon the approach in our cases and instead follow Justice Carter's special concurrence in *State v. Daniels*, 588 N.W.2d 682, 685–86 (Iowa 1998) (Carter, J., concurring specially). Justice Carter noted "[s]ection 701.9 is

a general statute that governs all crimes . . . . Consequently, *all* included offenses meeting the *Blockburger* analysis must be merged within the greater offense because this is the intent of the legislature as expressed in [section 701.9]." *Id.* Stewart asserts that under Iowa Code section 701.9, the only requirement for merger is legal impossibility, period. According to Stewart, there is no suggestion in the statute that once legal impossibility is established, a court should engage in an exploration of legislative intent. Although the Double Jeopardy Clause of the Fifth Amendment and Iowa Code section 701.9 address the same subject, Stewart essentially asserts that we have improperly imported the round federal constitutional peg into the square hole of state statutory interpretation.

The State counters it is legally possible to commit the crime of introduction without also committing the crime of possession of a controlled substance. For example, the State asserts a defendant could cause a controlled substance to be introduced into a detention facility through a third party but not possess the contraband. The State argues the very issue in the case was decided in *Caquelin*, a decision supported in Iowa and federal precedent. *See, e.g., State v. Grady*, 215 N.W.2d 213, 214 (Iowa 1974); *United States v. Campbell*, 652 F.2d 760, 762–63 (8th Cir. 1981) (per curiam). Further, the State emphasizes the test for determining whether merger occurs is one based on legal impossibility (whether it is theoretically possible in any case for the defendant to commit the greater crime without also committing the lesser) and not impossibility based upon the facts of a specific case. *See State v. Hickman*, 623 N.W.2d 847, 850 (Iowa 2001) (explaining the test is purely a review of the legal elements and does not consider the facts of a particular case); *State v. Jeffries*, 430 N.W.2d 728, 737–39 (Iowa 1988)

(noting the impossibility test adopted by the court eliminated "the troublesome problem posed by the manner in which we applied our previous factual test to lesser-included offenses"). In the alternative, the State argues that even if Stewart has demonstrated legal impossibility, the legislature clearly intended multiple punishments for introduction and possession of a controlled substance and, as a result, the conviction for both offenses is valid.

 **B. Analysis.** We begin our analysis by outlining several principles that guide our decision. To begin with, both our state and federal precedents endorse the notion that in the merger and double jeopardy context, the threshold question is whether it is legally impossible to commit the greater crime without also committing the lesser. *See Miller*, 841 N.W.2d at 588; *State v. Turecek*, 456 N.W.2d 219, 223 (Iowa 1990); *see also Whalen v. United States*, 445 U.S. 684, 690–91, 100 S. Ct. 1432, 1437–38, 63 L. Ed. 2d 715, 722–23 (1980); *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182, 76 L. Ed. at 309. In other words, under both statutory questions of merger and under the Double Jeopardy Clause of the United States Constitution, we have rejected a factual impossibility test which turns on the specific facts of the case in favor of a more general analysis based on the relationship between the two crimes. *See Hickman*, 623 N.W.2d at 850; *Jeffries*, 430 N.W.2d at 737–39. No party directly challenges this basic proposition.

 We now apply the legal impossibility test. In looking at the two statutes involved in this case, we find the reasoning of the court of appeals in *Caquelin* persuasive. We do not believe it is legally impossible to be convicted of introduction without also being convicted of possession of a controlled substance. A defendant could, for instance, instruct a third party to cause illegal drugs to be smuggled into a detention facility

without ever possessing them. *See Caquelin*, 702 N.W.2d at 512; *see also State v. Welch*, 507 N.W.2d 580, 582 (Iowa 1993) (holding possession with intent to deliver does not merge with distribution of a controlled substance to a minor because possession is not a necessary element of distribution); *Grady*, 215 N.W.2d at 214 (noting that a "constructive transfer" which would amount to illegal delivery does not require possession); *Paramo v. State*, 896 P.2d 1342, 1345 (Wyo. 1995) (holding that "taking or passing controlled substances into a jail may be proven without necessarily proving possession of a controlled substance"); *see also Campbell*, 652 F.2d at 762–63 (holding possession of contraband was not necessarily included in the offense of attempting to introduce contraband into a federal correctional institution).[2]

In considering impossibility, our cases indicate that our determination of legal possibility should be guided not only by analysis of the statute, but also by examining the marshalling instructions given by the district court. *See Miller*, 841 N.W.2d at 590. In this case, the marshalling instructions largely mirror the statutory elements of each crime as described in the statute.[3] They do not assist Stewart in showing legal impossibility.

---

[2]The *Campbell* court cited other cases where courts "have approved conviction on multiple counts of introduction of contraband into a federal correctional facility and possession of a controlled substance." 652 F.2d at 762 (citing *United States v. Corral*, 578 F.2d 570 (5th Cir. 1978), *United States v. Yanishefsky*, 500 F.2d 1327 (2d Cir. 1974), *United States v. Jiminez*, 454 F. Supp. 610 (M.D. Tenn. 1978), *and United States v. Ward*, 431 F. Supp. 66 (W.D. Okla. 1976)).

[3]Jury instruction number 15 stated:

> To prove the Defendant guilty of Introduction of a Controlled Substance Into a Detention Facility, the State must prove all of the following elements:
> 1. The Woodbury County Jail was a detention facility.

Stewart has introduced a new twist by arguing that several criminal statutes located in various provisions of the Code should be considered in the alternative; as if there was one statute with several statutory alternatives. This is an interesting argument, but does not carry the day for Stewart. It is not unusual for a defendant's conduct to give rise to potential liability under several alternatives of a singular criminal statute or, as argued by Stewart here, under multiple criminal statutes. In this circumstance, the statutes are not mutually exclusive, but merely overlapping. Where the facts support criminal liability under several statutory alternatives, the fact the State only charges a defendant under one alternative does not preclude the State from offering evidence that would also support conviction under an uncharged offense. In other words, the sole focus for merger or double jeopardy purposes is on the crimes charged in the trial information and for which the jury was instructed. *See State v. Anderson*, 565 N.W.2d 340, 344 (Iowa 1997) (holding that "when a statute provides alternative ways of committing the offense, the alternative submitted to the jury controls").

Here, for the reasons previously stated and examples previously given, it is simply not legally impossible to commit the greater crime actually charged without also committing the lesser crime as charged.

---

2. On or about the 7th day of December, 2012, in Woodbury County, Iowa, the Defendant introduced a controlled substance into that place.
3. The Defendant was not authorized to do so.

Jury instruction number 20 stated in relevant part:

The State must prove each of the following elements of Possession of a Controlled Substance:
1. On or about the 7th day of December, 2012, the Defendant knowingly or intentionally possessed methamphetamine.
2. The Defendant knew the substance she possessed was methamphetamine.

As a result, neither the merger statute in Iowa Code section 701.9 nor double jeopardy principles under the Fifth Amendment form a basis for reversal of Stewart's possession conviction. The district court's judgment in this case must be affirmed.

In light of our disposition, it is not necessary to consider whether the statutory legal analysis under Iowa Code section 701.9 differs from the analysis contained in cases interpreting the Double Jeopardy Clause of the Fifth Amendment as suggested in Justice Carter's special concurrence in *Daniels*. *See* 588 N.W.2d at 685 (Carter, J., concurring specially); *see also Bullock*, 638 N.W.2d at 732 (noting the court was upon to "rethink our interpretation of section 701.9" based on Justice Carter's special concurrence in *Daniels*, but the court found it unnecessary to resolve such issue, as it determined the crimes in the case did not share a greater and lesser included offense relationship). We leave this issue for another day.

### IV. Conclusion.

For the above reasons, the judgment of the district court affirming Stewart's conviction is affirmed. With respect to the issue of costs, the case is remanded to the district court for further proceedings as required by the decision of the court of appeals.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**