# IN THE COURT OF APPEALS OF IOWA

No. 15-0969
Filed December 21, 2016

**CASEY LEE PINEGAR,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

Casey Lee Pinegar appeals the denial of his postconviction-relief application. **AFFIRMED.**

Jacob Mason of J.L. Mason Law, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Casey Lee Pinegar appeals the district court's denial of his postconviction-relief (PCR) application following trial.[1]  Our review is de novo.  *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

Pinegar first alleges his trial counsel was ineffective for failing to produce Christine Chase to testify at trial on Pinegar's behalf and appellate counsel was ineffective for failing to claim the same on appeal.  In the case underlying Pinegar's PCR application, Pinegar was convicted following a jury trial of delivery of methamphetamine.  *See Pinegar*, 2013 WL 5229766, at *1.  At trial, Trevor Terry was a key witness for the State, who testified Pinegar gave him approximately two grams of methamphetamine.  *Id.*  Pinegar alleges Chase's testimony was required to cast doubt on Terry's testimony; specifically, Pinegar claims Chase would have testified she had been using drugs with Terry on the day of the alleged delivery.  In its thorough decision, the district court gave exhaustive consideration to trial counsel's election not to call Chase as a witness, finding Chase first appeared as a possible witness after trial had commenced;[2] Chase appeared to be on drugs at the time she appeared in court; and by the time counsel was aware Chase was willing to testify and had informed the district court, Chase was in jail for domestic abuse assault causing injury, which raised self-incrimination concerns in the event Chase was called to testify and required

---

[1] The facts underlying this action were previously summarized by this court and are not restated herein.  *See State v. Pinegar*, No. 12-1671, 2013 WL 5229766, at *1 (Iowa Ct. App. Sept. 18, 2013).

[2] We note Pinegar testified he told his counsel about Chase before trial at their first meeting; notably, counsel was appointed within a month of trial.  Pinegar's counsel was unable to remember when he discussed Chase with Pinegar.  We give weight to the PCR court's findings concerning witness credibility.  *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

consultation with her counsel before she could testify. Further, Chase was not produced as a witness at the PCR trial; thus, the PCR court could only speculate—based on the testimony of Pinegar—what Chase's testimony might have been. On our de novo review, we affirm the holding of the district court.[3]

Pinegar next alleges appellate counsel was ineffective for failing to appeal the district court's failure to instruct the jury that possession is a lesser-included offense for delivery. Again, we affirm the PCR court's comprehensive consideration of this issue, finding neither a breach of duty nor prejudice. *See State v. Grady*, 215 N.W.2d 213, 214 (Iowa 1974); *State v. Allen*, No. 05-0832, 2006 WL 782473, at *1-2 (Iowa Ct. App. Mar. 29, 2006).

Finally, Pinegar claims his appellate counsel was ineffective for declining to argue the district court erred in allowing a jury instruction on expert witness testimony. Pinegar claims the instruction was erroneous—as the State provided no notice that expert testimony would be given and the instruction served to reinforce certain testimony by police officers that Pinegar alleges was impermissible—but does not claim the instruction misstated the law or contradicted another instruction. We affirm the PCR court's determination that, even were this instruction improper, Pinegar has failed to show prejudice. *See State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008).

---

[3] In his appellate briefing, Pinegar also contends his trial counsel was ineffective in his investigation and in failing to request a continuance to secure Chase's testimony. We note Pinegar's counsel testified he met four times with Pinegar prior to trial, they discussed possible witnesses and the risk and benefits of calling them, the decision not to call Chase was made jointly with Pinegar, and Pinegar refused to waive his speedy trial right, which inhibited Pinegar's counsel's ability to investigate or seek a continuance. Insofar as this claim was considered by the PCR court and thus is preserved for our review, *see Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002), we affirm.

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**