STATE of Iowa, Plaintiff–Appellee,

v.

Thomas C. SNIDER, Defendant–Appellant.

No. 91–02.

Court of Appeals of Iowa.

Nov. 26, 1991.

David Scieszinski, Wilton, for appellant.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., William F. Creasey, County Atty., and Anne Burnside, Asst. County Atty., for appellee.

SACKETT, Judge.

The issue in this appeal is whether there is sufficient evidence to support a charge of false imprisonment. Defendant-appellant Thomas C. Snider was convicted, following a jury trial, of assault and false imprisonment. Defendant appealed the false imprisonment conviction.

Iowa Code section 710.7 (1989), False Imprisonment, states:

A person commits false imprisonment when, having no reasonable belief that the person has any right or authority to do so, the person intentionally confines another against the other's will. A person is confined when the person's freedom to move about is *substantially* restricted by force, threat or deception. (emphasis supplied)

The facts, taking the evidence in light most favorable to the verdict, are the defendant had been drinking for a considerable period in a bar where the victim worked as a bartender. The defendant and the victim were the last people in the bar when the victim told the defendant her boyfriend was coming. She asked the defendant to finish his drink so she could close the bar. The defendant went behind the bar, grabbed the victim by the arms, took her from behind the bar and pushed her about ten feet to a pool table. Once at the pool table, he pushed her backward against the table and held her against her will for no more than fifteen minutes. He then left the bar. Her boyfriend arrived two minutes later and called the police. The defendant was arrested.

The essential elements of false imprisonment are (1) detention or restraint against one's will, and (2) the unlawfulness of such detention or restraint. *See Valadez v. City of Des Moines*, 324 N.W.2d 475, 477 (Iowa 1982).

The term confines or removes in defining kidnapping under section 710.1 requires no minimum period of confinement or distance of removal, but does require more than the confinement or removal that is an inherent incident of commission of the crime. *See State v. Misner*, 410 N.W.2d 216, 222 (Iowa 1987); *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981).

Section 710.7, specifies a person is confined when the person's freedom to move about is substantially restricted. The words substantially restricted do not ap-

pear in the kidnapping statute, section 710.1.

We first look to whether the period of confinement or distance of removal exceeded that which would normally be incidental to an assault. *See Misner*, 410 N.W.2d at 222. To do so, we assess whether the confinement or removal was significantly independent from the assault because it either (1) substantially increased the risk of harm to the victim, (2) lessened the risk of detection, or (3) significantly facilitated the defendant's escape following the assault. *See id.*

 Holding the victim against the pool table did not lessen defendant's risk of detection or facilitate his escape. The defendant had been at the bar for some time. He was known by the victim. The bar area where the victim was held was open to the public. The victim had told the defendant her boyfriend was coming to help her close up. Consequently, the longer the defendant stayed in the bar and held the victim down, the more likely he would be detected.

A pivotal question is whether holding the victim against the pool table substantially increased her risk of harm. The victim was harmed by the assault. The defendant was convicted of assault. He has not appealed that conviction. The State has the burden to show the confinement or movement was not merely incidental to the assault. *See Misner*, 410 N.W.2d at 223–224. In *Rich*, 305 N.W.2d at 745, the court determined a defendant's movement of a victim a short distance from a mall into a restroom was not in and of itself sufficient confinement or removal within the meaning of Iowa Code section 710.1. The factors that raised the defendant's actions to a removal and confinement in *Rich*, are not present here. The facts of this case do not show the victim's freedom was substantially restricted. We reverse the conviction for false imprisonment.

REVERSED AND DISMISSED.

All Judges concur except HABHAB and DONIELSON, JJ., who dissent.

HABHAB, Judge (dissenting).

I respectfully dissent from the majority's reversal and dismissal of Snider's convic-

tion for false imprisonment. I believe the evidence was sufficient to generate a jury question on the issue.

The majority is essentially directing a verdict for Snider on the false imprisonment issue. When reviewing a directed verdict action, the Iowa Supreme Court has stated:

> In reviewing the propriety of a trial court's ruling on a motion for a directed verdict in a criminal case, this court views the evidence in a light most favorable to the State. All legitimate inferences that may reasonably be deducted therefrom will be accepted. All the evidence must be considered when determining evidentiary sufficiency. A trial court should submit a charged crime to the jury and should not direct a verdict, and a refusal to direct a verdict will be upheld, if there is any substantial evidence in the record reasonably tending to support the charge. Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt.

*State v. Rich*, 305 N.W.2d 739, 741 (Iowa 1981).

Such evidence was presented in this case. Forcible confinement for almost fifteen minutes is not merely incidental to the initial assault. Additionally, the facts show the confinement was separate from the assault. *See Rich*, at 745. The confinement itself was substantial. *Id.* Unlike the majority, I do not find the confinement against the victim's will merged into the assault charge. I believe both offenses were separate.

The evidence supports submission of both assault and false imprisonment charges to the jury. I would find the trial court did not err in denying the motion for directed verdict on the false imprisonment charge. I would affirm.

DONIELSON, J., joins this dissent.