**IN THE COURT OF APPEALS OF IOWA**

No. 13-1904
Filed February 11, 2015

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ROBERT JOHN SUDA,**
          Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.


Defendant appeals his conviction for false imprisonment. **AFFIRMED.**



Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Benjamin Parrott, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Michelle Wagner, Assistant County Attorney, for appellee.


Considered by Vogel, P.J., Potterfield, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Defendant Robert Suda appeals, claiming there is insufficient evidence to support his conviction for false imprisonment. We affirm his conviction.

**I. Background Facts & Proceedings.**

On February 7, 2013, Suda and his live-in girlfriend, Christy, got into an argument. Christy testified she was "pretty blurry" about some periods of time. She stated, "I just remember being in this corner and I knew I was injured, I thought he had pushed me, and I thought my arm was broke because my hand and arm felt weird and I felt warm blood gushing down my arm."

She next remembered being in the bathroom with Suda and her shirt and bra had been removed. Suda wound black electrical tape and gauze over a wound on Christy's arm. Christy stated she felt like she was going to pass out. Suda refused her requests for a drink of water and a cigarette and for medical assistance. He told her, "you're not leaving this place alive." Christy testified, "He was standing taping me up and when he told me that I wasn't going to leave there alive I was not going to try to make him angrier so I didn't try." She stated he was holding her arm while he was taping it.

After a while, Suda permitted Christy to sit down on the couch in the living room. He began cleaning blood from the kitchen and bathroom of the couple's home. Christy tried to call for help, but there was no dial tone on the telephone, and she believed it had been unplugged. When Suda was not looking, Christy ran out of the home to seek assistance, wearing only her sweatpants and snow boots. A neighbor gave her a shirt to wear and called 911. Suda told officers

Christy had been injured when she fell down outside. Christy was taken to the hospital, where she was observed to have puncture wounds in her right breast and armpit, and a laceration on her right arm, which required four stitches.

Suda was charged with domestic abuse assault, willful injury, and false imprisonment. The State presented evidence as detailed above at Suda's jury trial. The court denied Suda's motion for judgment of acquittal filed at the close of the State's evidence. Suda testified Christie stabbed herself with a knife and a pair of scissors. He stated after he bandaged her wounds he put a jacket on her, but she flung it off when she left. He later testified he did not see her leave.

A jury found Suda guilty of domestic abuse assault and false imprisonment, but acquitted him on the charge of willful injury. Suda was sentenced to two years and one year on the charges, to be served consecutively. He now appeals.

## II. Standard of Review.

We review claims challenging the sufficiency of the evidence in a criminal case for the correction of errors at law. *State v. Dalton*, 674 N.W.2d 111, 116 (Iowa 2004). We will uphold the jury's verdict when it is supported by substantial evidence. *State v. Hagedorn*, 679 N.W.2d 666, 668 (Iowa 2004). "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly be deduced from the record evidence." *State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005).

### III. Sufficiency of the Evidence.

Suda claims the district court erred by denying his motion for judgment of acquittal because there is insufficient evidence to support his conviction for false imprisonment. In support of his argument he points to inconsistencies between Christy's statements prior to trial and her trial testimony. He also relies on his own denials of the allegations. He asserts he did not restrain Christy against her will in the bathroom. A paramedic testified Christy stated, "she was going to die if [Suda] did not wrap something around her injury." Suda asserts he did not tell Christy, "you're not leaving this place alive," but rather told her she would die if he did not treat her injury. He points out Christy was closer to the doorway of the bathroom than he was. He claims Christy was not a credible witness.

Iowa Code section 710.7 (2013) provides:

> A person commits false imprisonment when, having no reasonable belief that the person has any right or authority to do so, the person intentionally confines another against the other's will. A person is confined when the person's freedom to move about is substantially restricted by force, threat, or deception. False imprisonment is a serious misdemeanor.

The essential elements of the offense of false imprisonment are (1) detention or restraint against a person's will, and (2) the unlawfulness of such detention or restraint. *State v. Snider*, 479 N.W.2d 622, 623 (Iowa Ct. App. 1991).

It is the function of the jury to weigh the evidence and "place credibility where it belongs." *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). The jury is free to accept or reject any part of a witness's testimony. *Id.* In considering a motion for judgment of acquittal, "It is not the province of the court, . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses,

to determine the plausibility of explanations, or to weigh the evidence." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006). Rather, the court determines only "whether there is sufficient evidence from which reasonable persons could have found the defendant guilty as charged." *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005).

There is sufficient evidence to support the conviction for false imprisonment based on Christy's testimony. It was for the jury to decide whether she was credible in her testimony Suda told her, "you're not leaving this place alive." Under section 710.7, a person may be confined if the person's freedom to move about is substantially restricted by a threat. In this case, fear of Suda's threat kept Christy confined in the bathroom. As she stated, "when he told me that I wasn't going to leave there alive I was not going to try to make him angrier so I didn't try," to leave the bathroom.

The jury could also have found Suda was not a credible witness. When officers first arrived, he told them Christy had been injured when she fell down outside. During the trial, however, he testified Christy first stabbed herself with a knife and then with scissors. During the trial he also testified he had put a jacket around Christy, which she flung off when she ran out of the home. He later testified he had not seen her leave the home. Based on the inconsistencies in Suda's statements, the jury could have found he was not credible.

While it is possible for evidence to be so impossible, absurd, and self-contradictory to deem it a nullity, this is not one of those cases. *See State v.*

*Mitchell*, 568 N.W.2d 493, 502 (Iowa 1997).  We conclude there is sufficient evidence in the record to support Suda's conviction for false imprisonment.

**AFFIRMED.**