# IN THE COURT OF APPEALS OF IOWA

No. 18-1831
Filed April 15, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**WILLIAM WALTER EVANS,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Washington County, Daniel P. Kitchen, District Associate Judge.

     William Evans appeals his convictions and sentences for simple assault, second-degree harassment, and false imprisonment. **AFFIRMED.**

     Eric D. Tindal of Keegan Tindal & Mason, PC, Iowa City, for appellant.

     Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

     Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

The State charged William Evans with assault with intent to commit sexual abuse, first-degree harassment, and false imprisonment based on acts that occurred at a Washington County campground in August 2017. The evidence shows that Evans followed a sixteen-year-old girl into a shower area in one of the campground buildings, kissed her, and touched her buttocks and breast. A short time later, Evans locked her inside one of the shower rooms. When the girl attempted to leave, Evans pushed her against the wall and grabbed her by the throat to silence her screaming. While doing so, Evans said, "You're not going to start that shit." A jury found Evans guilty of simple assault, second-degree harassment, and false imprisonment.

On direct appeal, Evans challenges the sufficiency of the evidence to support his conviction for harassment. We review this claim for correction of errors at law. *See State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018). Evans claims there is insufficient evidence to convict him of harassment because the underlying act the jury relied on for the conviction could have been the same act forming the basis for his assault conviction. *See* Iowa Code § 701.9 (2017) (prohibiting a person from being convicted of a public offense that "is necessarily included in another public offense of which the person is convicted"). But to preserve error for appellate review, "the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). Because Evans never raised in his motion for judgment of acquittal the claim he now raises on appeal, error is not preserved.

Evans next claims his sentence is illegal because the court failed to merge the harassment and assault convictions. *See* Iowa Code § 701.9 ("If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only."). "[A]ny unlawful failure to merge results in an illegal sentence." *State v. West*, 924 N.W.2d 502, 504 (Iowa 2019). Because an illegal sentence is void, it is not subject to the same error-preservation concerns that thwart Evans's claim regarding the sufficiency of the evidence supporting his harassment conviction. *See State v. Gordon*, 732 N.W.2d 41, 44 (Iowa 2007) ("[A]n illegal sentence . . . is not subject to normal error preservation rules and can be challenged at any time.").

Evans claims the harassment (a serious misdemeanor) and assault (a simple misdemeanor) convictions must merge because his statement, "You're not going to start that shit," happened at the same time as the "assaultive behavior" and therefore "blends into the assault." The question here is whether assault is a lesser included offense of harassment. *See State v. West*, 924 N.W.2d 502, 505 (Iowa 2019); *State v. Stewart*, 858 N.W.2d 17, 21 (Iowa 2015) (stating that in determining whether two convictions must merge, "the threshold question is whether it is legally impossible to commit the greater crime without also committing the lesser"). We find it is not. "A person commits harassment when the person, purposefully and without legitimate purpose, has personal contact with another person, with the intent to threaten, intimidate, or alarm that person." Iowa Code § 708.7(1)(b). A person commits second-degree harassment "when the person commits harassment involving a threat to commit bodily injury." *Id.* § 708.7(3)(a). A person commits assault by (1) doing an "act which is intended to cause pain or

injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" or (2) doing an "act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(a), (b). It is clear the elements of these crimes differ. The assault offense requires an apparent ability to execute the act. The harassment offense does not. So it is possible to commit harassment without also committing an assault. Conversely, it is possible to commit an assault without committing harassment. The harassment offense requires a threat. The assault offense does not. Because the impossibility test is not satisfied, merger is not required here.

Finally, Evans claims there is insufficient evidence to support his false-imprisonment conviction. Recognizing an error-preservation issue may exist because the claim was not articulated during his motion for judgment of acquittal, Evans makes an alternative argument under the ineffective-assistance-of-counsel rubric,[1] which we review de novo. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed, Evans must show his counsel failed to perform an essential duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Unless he proves both elements, his ineffective-assistance claim fails. *See Clay*, 824 N.W.2d at 495. We ordinarily preserve ineffective-assistance claims for postconviction-relief proceedings to allow for full development of the record but

---

[1] Because our supreme court decided recent amendments to Iowa Code section 814.7 prohibiting consideration of ineffective-assistance-of counsel claims on direct appeal do not apply to cases pending on July 1, 2019, *see State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019), we may address the claim.

address them on direct appeal when the record is adequate. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).

A person commits an act of false imprisonment by "intentionally confin[ing] another against the other's will." Iowa Code § 710.7. The statute defines confinement as occurring when a "person's freedom to move about is substantially restricted by force, threat, or deception." *Id.* "The State has the burden to show the confinement or movement was not merely incidental to the assault." *State v. Snider*, 479 N.W.2d 622, 624 (Iowa Ct. App. 1991).

Evans argues his trial counsel was ineffective in failing to claim insufficient evidence demonstrated that the actions giving rise to the false-imprisonment conviction were distinct from the underlying assault. We disagree. In determining whether the confinement exceeded that which would normally be incidental to an assault, we consider whether the confinement (1) substantially increased the risk of harm to the victim, (2) lessened the risk of detection, or (3) significantly facilitated the defendant's escape following the assault. *See id.* By preventing the girl from leaving the shower room and stifling her scream, Evans clearly lessened the risk of detection. Because the act was distinct from the underlying assault, counsel had no duty to move for judgment of acquittal on this basis. *See, e.g.*, *State v. Rice*, 543 N.W.2d 884, 888 (Iowa 1996).

We affirm Evans's convictions and sentences.

**AFFIRMED.**