# IN THE COURT OF APPEALS OF IOWA

No. 18-0032
Filed February 6, 2019

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**DAVID PAUL PINNEY,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

       The defendant appeals from his convictions for possession of prescription drugs and possession of a controlled substance.  **AFFIRMED.**

       Priscilla E. Forsyth, Sioux City, for appellant.

       Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

       Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

David Pinney was convicted of possession of a controlled substance (methamphetamine), as a habitual offender; possession of a controlled substance (OxyContin), as a habitual offender; and unlawful possession of a prescription drug (OxyContin). In this direct appeal, Pinney contends the district court erred in denying his motion to suppress evidence obtained as a result of an allegedly unlawful search of his person. Pinney also claims the district court erred in failing to merge his convictions and sentences for possession of a controlled substance (OxyContin) and unlawful possession of a prescription drug (OxyContin).

The relevant events occurred in June 2016 during a sting operation conducted by a tristate drug task force. On the day in question, Pinney arrived at a gas station with two other people. One of the other people was the target of the sting operation. Although the police were not expecting Pinney to be at the scene, they recognized Pinney as a known methamphetamine dealer and sought to conduct a stop and frisk of his person. An officer ordered Pinney to the ground, but Pinney resisted and instead tried to walk away. An officer tackled Pinney to the ground, and Pinney continued to resist by refusing to place his hands on his back and pinning them under his chest as officers tried to pull his arms behind his back. An officer then searched Pinney's person. While searching Pinney, the officer discovered a pill bottle containing OxyContin. After Pinney stood up, the officers searched him more thoroughly and discovered a coin pouch containing methamphetamine. As a result of Pinney's refusal to comply with officers during the stop and frisk, he was arrested for interference with official acts, in violation of Iowa Code section 719.1 (2016). He was convicted of this offense in a separate

proceeding not at issue in this appeal. As a result of the officers' search of Pinney, he was charged with and ultimately convicted of the offenses at issue in this appeal.

We first address Pinney's contention that the search of his person violated the Fourth Amendment of the federal constitution and Article I, section eight of the state constitution. "We review the denial of a motion to suppress on constitutional grounds de novo." *State v. Ingram*, 914 N.W.2d 794, 798 (Iowa 2018). In our review, "we make an independent evaluation [based on] the totality of the circumstances as shown by the entire record." *State v. Baldon*, 829 N.W.2d 785, 789 (Iowa 2013) (alteration in original) (quoting *State v. Kurth*, 813 N.W.2d 270, 272 (Iowa 2012)). We afford deference to the district court's factual findings due to the court's ability to observe the witnesses. *See State v. Kreps*, 650 N.W.2d 636, 640 (Iowa 2002).

The Fourth Amendment to the United States Constitution safeguards "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Article I section 8 "of the Iowa Constitution is substantially identical in language to the Fourth Amendment[,]" and both provisions are "usually deem[ed] . . . identical in scope, import, and purpose." *Kreps*, 650 N.W.2d at 640-41 (citing Iowa Const. art. I, § 8; *State v. Scott*, 409 N.W.2d 465, 467 (Iowa 1987)). Although Pinney cites the state constitution, he does not independently develop the claim. When a party merely adds "a citation to article I, section 8 of the Iowa Constitution but then generally adopt[s] federal caselaw in describing the claim . . . we may, in our discretion, decide the case based on potentially dispositive federal constitutional

grounds." *Ingram*, 914 N.W.2d at 800. Because Pinney does not develop separate arguments under the federal and state constitution, we do not consider them separately.

The touchstone of any search-and-seizure claim is reasonableness under the circumstances presented. *See Pennsylvania v. Mimms*, 434 U.S. 106, 108-09 (1977) ("The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'" (citation omitted)); *Kreps*, 650 N.W.2d at 641 ("The Fourth Amendment imposes a general reasonableness standard upon all searches and seizures."). A search incident to a valid arrest is reasonable within the meaning of the Fourth Amendment and article I, section 8 of the Iowa Constitution. *See State v. Peterson*, 515 N.W.2d 23, 25 (Iowa 1994) ("[W]e hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973))). A search incident to arrest "allows a police officer 'to search a lawfully arrested individual's person and the immediately surrounding area without a warrant.'" *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008) (quoting *United States v. O'Connell*, 408 F. Supp. 2d 712, 723 (N.D. Iowa 2005)).

Here, Pinney was arrested for his interference with official acts. His arrest must be supported by probable cause to permit consideration of evidence obtained through a search of his person incident to his arrest. *See id.* at 250 ("[I]f there is probable cause to arrest a person, then a search of the person arrested and the area within the person's immediate control is lawful." (quoting *State v. Freeman*,

705 N.W.2d 293, 298 (Iowa 2005))). "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990).

Probable cause existed to arrest Pinney for interference with official acts. "A person commits interference with official acts when the person knowingly resists or obstructs anyone known by the person to be a peace officer . . . . of any civil or criminal process . . . ." Iowa Code § 719.1(1)(a). The officers identified themselves as law enforcement when approaching Pinney. Their police badges were visible. Pinney refused to stop for the officers and pinned his arms under his chest as the officers attempted to conduct a stop and frisk. The officers were concerned Pinney might have weapons hidden and was attempting to access them. His conduct obstructed the officers' stop and frisk. Further, because of Pinney's conduct, the officers' investigation into the drug transaction was hindered and delayed. This is sufficient to establish probable cause of interference with official acts. Because the officers' search of Pinney was contemporaneous to his arrest and there was probable cause to arrest Pinney, the district court properly denied the motion to suppress the drugs found on Pinney's person.

We next address Pinney's claim that the district court should have merged his convictions for possession of a controlled substance (OxyContin) and unlawful possession of a prescription drug (OxyContin). Pinney claims the failure to merge the convictions violated the merger statute, Iowa Code section 701.9, and the Double Jeopardy Clause. "Alleged violations of the merger statute are reviewed

for corrections of errors at law. Double jeopardy claims are reviewed de novo." *State v. Stewart*, 858 N.W.2d 17, 19 (Iowa 2015) (citation omitted).

In several cases, this court has observed that our merger statute, Iowa Code section 701.9, codifies the protection from cumulative punishment secured by the Double Jeopardy Clause of the United States Constitution. *See, e.g.*, *State v. Anderson*, 565 N.W.2d 340, 344 (Iowa 1997); *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995); *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993). The supreme court has explained the merger statute as follows:

> By its terms, the merger statute protects a person from conviction "of a public offense which is necessarily included in another public offense of which the person is convicted." Iowa Code § 701.9. If a jury returns a verdict conflicting with this statute, the court must enter judgment on the greater offense only. *Id.*; *see* Iowa R.Crim. P. 6(2) (defendant may be convicted of offense charged, or an included offense, but not both).

*State v. Daniels*, 588 N.W.2d 682, 683 (Iowa 1998).

To succeed on his claim, Pinney must be able to make a threshold showing that it is legally impossible to commit possession of a controlled substance without also committing unlawful possession of a prescription drug. *See Stewart*, 858 N.W.2d at 21. However, "dual convictions might nonetheless be affirmed if there is clear evidence the legislature intended two punishments to apply to the same acts or omissions." *See id.* at 20.

An examination of the relevant statutes makes clear Pinney's claim cannot pass the legal impossibility test. It is not legally impossible to commit possession of a controlled substance without also committing unlawful possession of a prescription drug. Possession of a controlled substance prohibits "any person [from] knowingly or intentionally . . . possess[ing] a controlled substance unless

such substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner." Iowa Code § 124.401(5). An individual commits unlawful possession of a prescription drug when "found in possession of a drug or device limited to dispensation by prescription, unless the drug or device was so lawfully dispensed." Iowa Code § 155A.21(1). One must look no further than Pinney's own convictions to highlight when one could be guilty of possession of a controlled substance but not unlawful possession of a prescription drug. In addition to his convictions for possession of a controlled substance and unlawful possession of a prescription drug stemming from his possession of OxyContin, he was also convicted of possession of a controlled substance stemming from his possession of methamphetamine. However, because methamphetamine cannot be lawfully dispensed by prescription, he could not also be convicted of unlawful possession of a prescription drug for his possession of methamphetamine. This example reveals an additional element found in unlawful possession of a prescription drug absent from possession of a controlled substance—the requirement that the drug be dispensable by prescription. Because this is not an element of possession of a controlled substance, it is possible to commit possession of a controlled substance without necessarily committing unlawful possession of a prescription drug.

Further, even if Pinney satisfied the legal impossibility test, the convictions would not merge. The statutes serve different purposes and evidence the legislature intended double punishment. *See Halliburton*, 539 N.W.2d at 344 ("If the Double Jeopardy Clause is not violated because the legislature intended double punishment, section 701.9 is not applicable and merger is not required.").

The purpose of chapter 155A, which prohibits unlawful possession of a prescription drug, is "to promote, preserve, and protect the public health, safety, and welfare through the effective regulation of the practice of pharmacy and the licensing of pharmacies, pharmacists, and others engaged in the sale, delivery, or distribution of prescription drugs." Iowa Code § 155A.2(1). The purpose of chapter 124, which prohibits the possession of a controlled substance, is not specifically set out in the code, however, its focus on harmful substances indicates it seeks to protect the public from the harmful effects of the substances themselves. *Cf. Houck v. Iowa Bd. of Pharmacy Exam'rs*, 752 N.W.2d 14, 19 (Iowa 2008) (noting chapter 124 "categorize[s] various substances according to their relative potential for abuse, the degree to which the substance has an accepted medical use, and likelihood that abuse of the substance would lead to psychic or physical dependence").

In sum, Pinney's convictions for possession of a controlled substance and unlawful possession of a prescription drug do not merge, and the district court properly denied Pinney's motion to suppress. We affirm the judgment of the district court.

**AFFIRMED.**